UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIKE SHAHBAZIAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br>Defendant. | Civ. No. 2:13-2637 (KM) (MCA)<br><br>OPINION |

**Kevin McNulty, U.S.D.J.:**

The plaintiff, Mike Shahbazian, brings this action *pro se* against the United States Postal Service ("USPS"). Shahbazian requests damages in the amount of $300.00 for the value of a lost package that he mailed via USPS. This matter comes before the Court on the motion of the defendant, USPS, to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1). I decide it without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

I.  BACKGROUND

On June 27, 2012, Shahbazian first filed this tort action in the Superior Court of New Jersey, Law Division, Special Civil Part, Essex County, Docket No. ESX-SC-2067-12. Docket No. 1-2 at 1. He sues "for the replacement of [a] lost package" that he had mailed four weeks before. He demands damages in the amount of $300.00, the replacement value of the lost property. *Id.*

1

The case was removed from the Superior Court pursuant to 28 U.S.C. § 1346(b)(1), 1442(a)(1), and 2679.[1] On April 26, 2013, the USPS moved to dismiss the claim for lack of subject matter jurisdiction under Federal Rule 12(b)(1). Magistrate Judge Arleo subsequently suspended discovery pending a decision on the motion to dismiss.

## II. LEGAL STANDARDS

The Defendant's motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to establish that the Court has jurisdiction over the claims. For purposes of a Rule 12(b)(1) motion, as opposed to a Rule 12(b)(6) motion to dismiss, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (internal quotation marks omitted).

---

[1] Pursuant to 28 U.S.C. § 1346(b)(1), "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Under § 1442(a)(1), removal to federal court is authorized where the claim pending in state court is against the " United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." Furthermore, § 2679 provides that federal courts have exclusive jurisdiction over tort claims against the federal government.

2

This Court "must read a *pro se* plaintiff's factual allegations liberally and must apply a less stringent pleading standard" than if the plaintiff were represented by counsel. *Schwartz v. U.S. Dep't of Justice*, 2007 WL 291465, at *3 (D.N.J. Oct. 4, 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, the plaintiff ultimately bears the burden of establishing subject matter jurisdiction. *See Schwartz*, 2007 WL 291465, at *3.

### III. DISCUSSION

The Complaint asserts a cause of action in tort to recover $300.00, the value of a package that Plaintiff alleges was lost in the mail as a result of the negligence of USPS. Defendant moves to dismiss the complaint in its entirety. For the reasons set forth below, the motion to dismiss is granted.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Therefore, courts are deprived of subject matter jurisdiction over actions against the United States unless a statute expressly waives its sovereign immunity to suit. *See United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000). Further, when the federal government does consent to suit by statute, "the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). Waivers of immunity must be "unequivocally expressed" and

"construed strictly in favor of the sovereign." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992) (citations omitted).

Shahbazian's claim is governed by the Federal Torts Claim Act ("FTCA"). The FTCA constitutes an explicit, but limited, waiver of sovereign immunity for certain actions against the United States in a federal district court. It provides that:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA, however, includes provisions limiting the scope of its waiver of sovereign immunity. These limiting principles provide the grounds on which Plaintiff's claim must be dismissed for lack of subject matter jurisdiction.

### A. Failure to Name the Proper Defendant

Defendant USPS first argues that Shahbazian has sued the wrong defendant. The only proper defendant to an action in tort against the federal government is the United States, not a constituent government agency. *See* 28 U.S.C § 2679(a); *Bailey v. U.S. Marshals Serv. Headquarters*, 426 Fed. App'x 44, 45–46 (3d Cir. 2011) ("the United States is the only proper defendant in an

action brought under the FTCA"); *Dambach v. United States*, 211 Fed. App'x 105, 108 (3d Cir. 2006) (a federal agency cannot be sued in its own name). This Court agrees, and would hold that the United States Postal Service should be dismissed as a defendant on this ground.

That defect, however, should not detain the Court. *See* 5A Wright and Miller, Federal Practice and Procedure: Civil 3d § 1321, at 388 n.12 (citing *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467 (6th Cir. 1964) (failure to name United States in caption not fatal where allegations of complaint made it clear it was proper party). I would routinely, and *sua sponte,* grant this *pro se* plaintiff leave to substitute the United States as the proper party and deem his complaint to be so amended without the need for motion practice. *See generally* Fed. R. Civ. P. 15(a) (leave to amend "freely given"); Fed. R. Civ. P. 1 (Federal Rules "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

As explained below, however, even if Shahbazian had properly named the United States as defendant, his complaint would still have to be dismissed. It is barred by two provisions of the FTCA, either one of which would be sufficient to require dismissal.

### B. Failure to Exhaust Administrative Remedies

The FTCA's waiver of immunity to suit is conditioned on a plaintiff's exhaustion of available administrative remedies. USPS argues that

Shahbazian's claim must be dismissed because he has failed to exhaust available administrative remedies before filing suit.

Under the FTCA, a plaintiff may not bring suit against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). Fulfillment of this requirement is a prerequisite to a court's subject matter jurisdiction over a FTCA claim. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").[2]

Whether the exhaustion requirement has been met is determined by the applicable agency's administrative regulations. *Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1075 (D.N.J. 1995). The Postal Service regulations define the filing of a claim with the agency as follows:

> [A] claim shall be deemed to have been presented when the . . . Postal Service receives from a claimant, his duly authorized agent

---

[2] The deadlines for filing suit under the FTCA are designed to accommodate the filing and disposition of an administrative claim:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

39 C.F.R. § 912.5.

Shahbazian has not, to date, filed an administrative claim with the Postal Service. (Declaration of Kimberly A. Herbst, Supervisor and Torts Claims Examiner/Adjudicator with the United States Postal Service National Tort Center [Docket No. 2-3]). Shahbazian does not deny this, nor does his complaint allege that he has fulfilled this prerequisite to suit.

Because Plaintiff has failed to exhaust available administrative remedies before bringing this action, this Court lacks jurisdiction to hear it.

### C. Postal Matter Exception to the Federal Torts Claim Act

Shahbazian's claim that the Postal Service negligently lost his package falls within a specific category of claims expressly precluded by the FTCA. For this reason, too, the Court lacks subject matter jurisdiction.

Congress has explicitly excluded several specific types of claims from the FTCA's general waiver of sovereign immunity. *See* 28 U.S.C. § 2680(a)-(n). One of those exclusions, known as the "postal matter exception," applies to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

7

The Supreme Court has interpreted this postal matter exclusion to bar claims against the United States "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 489 (2006).

Shahbazian is suing "for the replacement of [a] lost package" entrusted to USPS. Docket No. 1-1 at 1. The Section 2680(b) postal matter exception clearly bars any suit based on allegations of damaged, lost, or misdelivered postal materials. *See Bono v. United States*, 145 F. Supp. 2d 441, 444 (D.N.J. 2001). Therefore, the government is immune from suit, and this Court lacks jurisdiction to hear Plaintiff's claim on this ground as well.[3]

---

[3] Defendant also argues that Plaintiff's claim may be dismissed pursuant to the doctrine of derivative jurisdiction in this case, which was removed from state court. The Supreme Court has held that "if the state court lacks jurisdiction over the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).

The FTCA does not provide a waiver of sovereign immunity for claims brought against the United States in state courts. *Parisi v. United States*, CIV. 12-3109 RMB, 2013 WL 1007240 (D.N.J. Mar. 12, 2013). State courts, therefore, lack jurisdiction over claims raised against the federal government under the FTCA. *Id.* Because the state court in which the Plaintiff originally brought suit lacked jurisdiction over his claim, the Defendant argues that this Court did not acquire jurisdiction when the case was removed from state court.

Though Congress has amended the removal statute to preclude application of this doctrine to cases removed under 28 U.S.C. § 1441, *see id.* § 1441(f), "the doctrine arguably still applies to removals . . . pertaining to federal officers" under § 1442. *Calhoun v. Murray*, 507 F. App'x 251, 256 (3d Cir. 2012). Courts continue to dismiss for lack of jurisdiction under the doctrine. *See, e.g., Parisi*, 2013 WL 1007240 (D.N.J.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED.** The complaint is dismissed in its entirety. An appropriate order accompanies this opinion.

                                                            _____
                                                            **KEVIN MCNULTY, U.S.D.J.**

Dated: September 6, 2013

---

Mar. 12, 2013); *Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199 (E.D. Pa. Aug. 13, 2010). As Plaintiff's claim is barred under the FTCA, I do not reach the issue of whether the derivative jurisdiction doctrine applies to this case.